No. 614            July 1, 2026            163

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Palmira Kathleen BUTTON BALL,
*Petitioner-Respondent,*
*and*

Charles Morgan BUTTON,
*Respondent-Appellant.*

Jackson County Circuit Court
22DR05491; A183785 (Control), A183781

Timothy Barnack, Judge.

Argued and submitted August 27, 2025.

George W. Kelly argued the cause and filed the briefs for appellant.

Melisa A. Button argued the cause for respondent. Also on the brief was Hornecker Cowling, LLP.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Husband appeals from a judgment of dissolution of marriage, raising eight assignments of error challenging the trial court's (1) division of marital property; (2) award of spousal support based on incorrect factual findings; and (3) award of transitional support in the absence of evidence that wife needed further education or training. For the following reasons, we affirm.

Husband and wife married in 2010, and wife filed for divorce in 2022. At trial, the parties asked the court to decide the division of assets and wife's request for spousal support. The trial court issued a judgment awarding wife transitional spousal support of $1,500 per month for seven years and maintenance spousal support of $500 per month for seven years; each party their personal property and separately titled accounts; husband the separately titled real property in Grants Pass; and wife an equalizing award of $220,000. Husband appeals.

We review a trial court's division of property and award of spousal support for abuse of discretion and we will not disturb either the division or the award unless the trial court misapplied the statutory considerations under ORS 107.105. *Morgan and Morgan*, 269 Or App 156, 161, 166, 344 P3d 81, *rev den*, 357 Or 595 (2015). In reviewing those determinations, we are bound by the trial court's factual findings that are supported by any evidence in the record. *Id.*

We begin with husband's third through fifth assignments of error challenging the trial court's property division, specifically the award to wife of an equalizing award of $220,000. Husband argues that $200,000 of that award was based on an incorrect predicate factual determination that the parties had paid off a $400,000 mortgage on a California property during the marriage—a finding which he argues is not supported by the evidence. Prior to the marriage, husband purchased the California property from his father for a "gift price" of $400,000. Husband sold the property in 2018 for $1,185,000, and deposited the sales proceeds of approximately one million dollars in his own accounts, using some of that to purchase precious metals. Husband claimed to have

paid off the property in full before the marriage, an assertion which wife disputed. The trial court expressly stated, "I don't find this credible on when he paid the loan off." The trial court also found wife's testimony credible. There is no evidence in the record of the mortgage amount or the fair market value of the property at the time of purchase.

We conclude that the trial court did not err in its property division. First, husband had the burden of rebutting the presumption of equal contribution. *Coates and Coates*, 318 Or App 772, 774, 508 P3d 59 (2022). Although husband testified that he had paid off the mortgage prior to marriage, he did not present any evidence of that at trial apart from his own testimony, and the court disbelieved that testimony.[1] Second, "regardless of when the property was first acquired," the trial court still retained the discretion to divide the parties' assets based on a consideration of what is "just and proper in all the circumstances." *Cook and Cook*, 240 Or App 1, 6-7, 248 P3d 420 (2010). We conclude that here, in view of the statutory and equitable considerations of ORS 107.105(1)(f) and all the circumstances presented at trial, the court's property division and equalizing award was within the range of legally permissible outcomes.

We turn next to husband's sixth through eighth assignments of error, in which he argues that the trial court's total award of spousal support was based on two factual findings not supported by the record—first, that at the time of trial he owned $400,000 to $500,000 in precious metals, and second, that he had an "unlimited" ability to generate income. Starting with the precious metals, husband testified that he had used $400,000 to $500,000 of the proceeds from the sale of the California property to purchase precious

---

[1] Husband argues that the trial court erred in denying his motion under ORCP 64 B(4), which provides that a judgment may be set aside and a new trial granted due to "[n]ewly discovered evidence, material for the party making the application, which such party could not with reasonable diligence have discovered and produced at the trial." The deed of reconveyance, which he sought to admit after the judgment had been entered as proof that he had paid off the property prior to marriage, was a publicly recorded document. Because that document could have been discovered with reasonable diligence before or during trial, the trial court did not err in denying husband's ORCP 64 B motion. *See State v. Cadigan*, 212 Or App 686, 692, 159 P3d 348, *rev den*, 343 Or 223 (2007) (evidence is not "newly discovered" when its significance became better appreciated only after trial).

metals. At the time of trial, he claimed to only have $110,000 left in precious metals. He did not provide sales receipts for any metals sold, but explained that the court could calculate how much he had left based on his living expenses, which he claimed were $140,000 per year. The trial court found that husband had "anywhere between $400,000 to $500,000 in precious metals still available to him," and did not otherwise find husband's testimony generally credible.

We conclude that the trial court did not err in finding that husband still owned at least $400,000 in precious metals based on the testimony and evidence before it. *See Schwindt and Schwindt*, 290 Or App 357, 366-68, 414 P3d 859, *rev den*, 363 Or 119 (2018) (husband's evidence did not compel the trial court to accept his version of the facts); *see also Bezoff v. Crater Lake Motors, Inc.*, 259 Or 449, 451-52, 486 P2d 1274 (1971) (explaining that a court is not required to accept at face value a witness's testimony and that even "uncontradicted" testimony can be disbelieved in light of factors such as "the availability of evidence to contradict the witness's statement" and "the likelihood that the witness's interest in the litigation may tempt him to testify falsely"). Although wife did not present evidence directly contradicting husband's assertion that he only had $110,000 left, there was evidence that husband had buried the metals on his property and that he had bragged that those assets were "untraceable." Given the evidence as a whole and the trial court's credibility findings, the court was entitled to credit the testimony regarding the original value of the precious metals and did not have to believe husband's testimony about their remaining value.

We also conclude that the trial court's finding regarding husband's earning ability was a permissible determination under the circumstances. During the marriage, husband, who had education and experience in business administration, co-ran a charity that received donated cars and apparently also generated a significant profit. Husband reported only minimal income on his tax returns during those years and admitted that he earned income that he did not report. Wife worked as a homemaker and helped with husband's business, but did not work outside the

home during the marriage. She testified that they were able to maintain a "comfortable" lifestyle in the Bay area.[2] There was evidence that, in the same year as the divorce trial, husband claimed to make "12 grand in cash a month." Husband also had a detailed post-divorce business plan to build and sell e-bikes. In its ruling, the court explained that it did not know how to quantify husband's ability to make money, but that he was capable of "exceptional" income and "creative ways of making money." The trial court's findings regarding husband's earning capacity were permissible given all the evidence presented—including evidence of husband's business experience and substantial unreported income. *See Cortese and Cortese*, 260 Or App 291, 296-97, 317 P3d 340 (2013), *rev den*, 355 Or 317 (2014) (explaining that in the absence of uncontroverted evidence constraining actual income, evidence of "work history, experience and skills, and past income" can provide a nonspeculative basis for determining husband's earning capacity). The trial court's consequent award of spousal support was not an abuse of discretion.

Finally, we turn to husband's first and second assignments of error, challenging the trial court's award of transitional spousal support to wife. Pursuant to ORS 107.105(1)(d)(A) the court may enter transitional spousal support "as needed for a party to attain education and training necessary to allow the party to prepare for reentry into the job market or for advancement therein." In this case, husband argues that wife was already a licensed, working realtor who did not need further education and, therefore, was not entitled to transitional support.[3]

We disagree. Under the statute, the trial court may award transitional support for "education or on-the-job training" for "advancement" in the job market. ORS 107.105

---

[2] Husband argues that they were able to afford their lifestyle during the marriage in large part due to an inheritance he had received. The amount and source of that inheritance is not clear in the record. The trial court did not have to credit husband's testimony in that regard and could credit wife's testimony contradicting husband's account of the inheritance.

[3] Husband does not develop an argument on appeal challenging the seven-year duration of the transitional support. We therefore focus, as does husband, on whether the trial court appropriately awarded transitional support for education and training purposes.

(1)(d)(A); *Stuart and Ely*, 259 Or App 175, 181, 313 P3d 317 (2013). Those requirements are met here. After the parties' separation, wife reinstated her license and began working as a realtor, but could not yet support herself on that income. She often listed properties jointly with another realtor, in at least one instance because she "need[ed] his help." She testified to taking continuing education classes related to her licensing requirements. The trial court also found that real estate is a constantly changing business, and "[y]ou have to stay on top of it like CLEs for lawyers." Based on that record, the trial court reasonably concluded that wife needed education and on-the-job training in order to advance in her real estate career, and did not abuse its discretion in awarding wife transitional support.[4] *See Johnson and Johnson*, 277 Or App 1, 9, 370 P3d 526 (2016) (court may award transitional support for spouse's reentry into the job market and advancement therein).

Affirmed.

---

[4] For the same reasons as stated above, we also reject husband's argument that the trial court erred in denying his ORCP 64 motion, which challenged the sufficiency of the evidence to justify an award of transitional support.